**Fill in this information to identify your case:**

United States Bankruptcy Court for the :

NORTHERN ___ District of ___ ILLINOIS ___
(State)

Case Number *(if known)*: _____     Chapter you are filing under:
☐ Chapter 7
☐ Chapter 11
☐ Chapter 12
■ Chapter 13

☐ Check if this is an amended filing

## Official Form 101

## Voluntary Petition for Individuals Filing for Bankruptcy                    12/15

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be *yes* if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

| Part 1: | Identify Yourself |
|---|---|

|  | | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|---|
| 1. | **Your full name**<br><br>Write the name that is on your government-issued picture identification (for example, your driver's license or passport).<br><br>Bring your picture identification to your meeting with the trustee. | Nieama<br>First name<br><br>Chanell<br>Middle name<br><br>Lewis<br>Last name<br><br>_____<br>Suffix (Sr., Jr., II, III) | _____<br>First name<br><br>_____<br>Middle name<br><br>_____<br>Last name<br><br>_____<br>Suffix (Sr., Jr., II, III) |
| 2. | **All other names you have used in the last 8 years**<br><br>Include your married or maiden names. | _____<br>First name<br><br>_____<br>Middle name<br><br>_____<br>Last name<br><br>_____<br>First name<br><br>_____<br>Middle name<br><br>_____<br>Last name | _____<br>First name<br><br>_____<br>Middle name<br><br>_____<br>Last name<br><br>_____<br>First name<br><br>_____<br>Middle name<br><br>_____<br>Last name |
| 3. | **Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number** | XXX - XX - 7025 _____<br><br>OR<br><br>**9**XX - XX - ____ ____ ____ ____ | XXX - XX - _____<br><br>OR<br><br>**9**XX - XX - ____ ____ ____ ____ |

Debtor 1    Nieama _____ Chanell _____ Lewis _____    Case Number *(if known)* _____

First Name    Middle Name    Last Name

|  | **About Debtor 1:** | **About Debtor 2 (Spouse Only in a Joint Case):** |
|---|---|---|

**4.** **Any business names and Employer Identification Numbers (EIN) you have used in the last 8 years**

Include trade names and *doing business as* names

■ I have not used any business names or EINs.

☐ I have not used any business names or EINs.

Business name _____

Business name _____

Business name _____

Business name _____

EIN __ __ - __ __ __ __ __ __ __

EIN __ __ - __ __ __ __ __ __ __

EIN __ __ - __ __ __ __ __ __ __

EIN __ __ - __ __ __ __ __ __ __

**5.** **Where you live**

8216 S. Emerald St. _____

Number    Street

If Debtor 2 lives at a different address:

_____

Number    Street

Chicago _____ IL ____ 60620 ____

City    State    ZIP Code

_____

City    State    ZIP Code

COOK _____

County

_____

County

**If your mailing address is different from the one above, fill it in here.** Note that the court will send any notices to you at this mailing address.

**If Debtor 2's mailing address is different from the one above, fill it in here.** Note that the court will send any notices this mailing address.

_____

Number    Street

_____

Number    Street

_____

P.O. Box

_____

P.O. Box

_____

City    State    ZIP Code

_____

City    State    ZIP Code

**6.** **Why you are choosing *this district* to file for bankruptcy.**

*Check one:*

■ **Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.**

☐ **I have another reason. Explain.**
(See 28 U.S.C. § 1408

_____

_____

_____

*Check one:*

☐ **Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.**

☐ **I have another reason. Explain.**
(See 28 U.S.C. § 1408

_____

_____

_____

| Debtor 1 | Nieama | Chanell | Lewis | Case Number *(if known)* _____ |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

| **Part 2:** | **Tell the Court About Your Bankruptcy Case** |
|---|---|

**7.** **The chapter of the Bankruptcy Code you are choosing to file under**

*Check one.* (For a brief description of each, see *Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy* (Form 2010)). Also, go to the top of page 1 and check the appropriate box.

☐ Chapter 7

☐ Chapter 11

☐ Chapter 12

☑ Chapter 13

**8.** **How you will pay the fee**

☑ **I will pay the entire fee when I file my petition.** Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

☐ **I need to pay the fee in installments**. If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).

☐ I request that my fee be waived (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments). If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

**9.** **Have you filed for bankruptcy within the last 8 years?**

☑ No

☐ Yes.  District ___None_____  When _____  Case Number _____
                                          MM / DD / YYYY

District ___None_____  When _____  Case Number _____
                                          MM / DD / YYYY

District _____  When _____  Case Number _____
                                          MM / DD / YYYY

**10.** **Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business parter, or by affiliate?**

☑ No

☐ Yes.  Debtor _____  Relationship to you _____
        District _____  When _____  Case Number, if known _____
                                          MM / DD / YYYY

Debtor _____  Relationship to you _____
District _____  When _____  Case Number, if known _____
                                          MM / DD / YYYY

**11.** **Do you rent your residence?**

☐ No.  Go to line 12
☑ Yes.  Has your landlord obtained an eviction judgment against you and do you want to stay in your residence?

☑ No. Go to line 12.
☐ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it with this bankruptcy petition.

Debtor 1 ___Nieama_____Chanell_____Lewis_____     Case Number (if known) _____
First Name                    Middle Name                    Last Name

| Part 3: | Report About Any Businesses You Own as a Sole Proprietor |

**12. Are you a sole proprietor of any full- or part-time business?**

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnerhsip, or LLC.

If you have more than one sole proprietorship, use a separate sheed and attach it to this petition.

■ No.    Go to Part 4.

☐ Yes.    Name and location of business

_____
Name of business, if any

_____
Number    Street

_____

_____    _____    _____
City                                              State      Zip Code

Check the appropriate box to describe your business:

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ None of the above

**13. Are you filing under Chapter 11 of the Bankruptcy Code and are you a *small business debtor*?**

For a definition of *small business debtor*, see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor so that it can set appropriate deadlines.* If you indicate that you are a small business debtor, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

■ No.    I am not filing under Chapter 11.

☐ No.    I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ Yes.    I am filing under Chapter 11 and I am a small business debtor according to the definition in the Bankruptcy Code.

| Part 4: | Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention |

**14. Do you own or have any property that poses or is alleged to pose a threat of imminent and indentifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

■ No.

☐ Yes.    What is the hazard?    _____

_____

If immediate attention is needed, why is it needed?    _____

_____

Where is the property?    _____
Number       Street

_____

_____    _____    _____
City                                              State      ZIP Code

| Debtor 1 | Nieama | Chanell | Lewis |
|---|---|---|---|
| | First Name | Middle Name | Last Name |

Case Number *(if known)* _____

| **Part 5:** | Explain Your Efforts to Receive a Briefing About Credit Counseling |
|---|---|

| | **About Debtor 1:** | **About Debtor 2 (Spouse Only in a Joint Case):** |
|---|---|---|

15. **Tell the court whether you have received a briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

**About Debtor 1:**

*You must check one:*

☑ I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy. If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed. Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ I am not required to receive a briefing about credit counseling because of:

  ☐ **Incapacity.** I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

  ☐ **Disability.** My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

  ☐ **Active duty.** I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

**About Debtor 2 (Spouse Only in a Joint Case):**

*You must check one:*

☐ I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy. If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed. Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ I am not required to receive a briefing about credit counseling because of:

  ☐ **Incapacity.** I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

  ☐ **Disability.** My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

  ☐ **Active duty.** I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

Debtor 1    Nieama    Chanell    Lewis

      First Name      Middle Name      Last Name      Case Number *(if known)* _____

---

**Part 6:**    **Answer These Questions for Reporting Purposes**

**16.** **What kind of debts do you have?**

    **16a.** **Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

    ☐ No. Go to line 16b.
    ☒ Yes. Go to line 17.

    **16b.** **Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

    ☐ No. Go to line 16c.
    ☐ Yes. Go to line 17.

    **16c.** State the type of debts you owe that are not consumer debts or business debts.

    _____

---

**17.** **Are you filing under Chapter 7?**

**Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?**

    ☒ No. I am not filing under Chapter 7. Go to line 18.

    ☐ Yes. I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

      ☐ No.
      ☐ Yes.

---

**18.** **How many creditors do you estimate that you owe?**

| | | |
|---|---|---|
| ☒ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

---

**19.** **How much do you estimate your assets to be worth?**

| | | |
|---|---|---|
| ☒ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

**20.** **How much do you estimate your liabilities to be?**

| | | |
|---|---|---|
| ☒ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

**Part 7:**    **Sign Below**

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**✗** **/s/ Nieama Chanell Lewis** _____    **✗** _____

    Signature of Debtor 1                                 Signature of Debtor 2

Executed on __03/16/2016__    Executed on _____
            MM / DD / YYYY                                  MM / DD / YYYY

---

| Debtor 1 | Nieama | Chanell | Lewis | | Case Number *(if known)* _____ |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

---

**For your attorney, if you are represented by one**

**if you are not represented by an attorney, you do not need to file this page.**

I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible.  I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect.

✘ **/s/ Paul Franklin Jensen**

Signature of Attorney for Debtor

Date   **Date:  03/17/2016**

MM / DD / YYYY

**Paul Franklin Jensen**

Printed name

Geraci Law L.L.C.

Firm name

55 E. Monroe St., #3400

Number   Street

_____

Chicago

City

IL

State

60603

ZIP Code

Contact Phone   312-332-1800

Email address   ndil@geracilaw.com

6237379

Bar number

IL

State

---

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | Nieama | Chanell | Lewis |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the : __NORTHERN__ District of __ILLINOIS__
(State)

Case Number _____
(If known)

☐ Check if this is an amended filing

## Official Form 106Sum

### Summary of Your Assets and Liabilities and Certain Statistical Information                    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Fill out all of your schedules first; then complete the information on this form. If you are filing amended schedules after you file your original forms, you must fill out a new *Summary* and check the box at the top of this page.

| Part 1: | Summarize Your Assets | |
|---|---|---|
| | | **Your assets**<br>Value of what you own |
| 1. *Schedule A/B: Property* (Official Form 106A/B) | | |
| 1a. Copy line 55, Total real estate, from *Schedule A/B* ..................... | | $ 0 |
| 1b. Copy line 62, Total personal property, from *Schedule A/B* .................. | | $ 2,493 |
| 1c. Copy line 63, Total of all property on *Schedule A/B* .......................... | | $ 2,493 |

| Part 2: | Summarize Your Liabilities | |
|---|---|---|
| | | **Your liabilities**<br>Amount you owe |
| 2. *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D) | | |
| 2a. Copy the total you listed in Column A, *Amount of claim,* at the bottom of the last page of Part 1 of *Schedule D* ........... | | $0 |
| 3. *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 106E/F) | | |
| 3a. Copy the total claims from Part 1 (priority unsecured claims) from line 6e of *Schedule E/F* ................................ | | $0 |
| 3b. Copy the total claims from Part 2 (nonpriority unsecured claims) from line 6j of *Schedule E/F*........................ | | $15,400 |

| Part 3: | Summarize Your Liabilities | |
|---|---|---|
| 4. *Schedule I: Your Income* (Official Form 106I)<br>Copy your combined monthly income from line 12 of *Schedule I* ................................ | | $3,131.70 |
| 5. *Schedule J: Your Expenses* (Official Form 106J)<br>Copy your monthly expenses from line 22c of *Schedule J* ................................ | | $2,930.00 |

Debtor 1   **Nieama**          **Chanell**          **Lewis**

First Name          Middle Name          Last Name          Case Number *(if known)* _____

Entries Description                                                    Assets Amount          Liabilities Amount

| **Part 4:** | Answer These Questions for Administrative and Statistical Records |
| --- | --- |

6. **Are you filing for bankruptcy under Chapter 7, 11 or 13?**

☐ No. You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

☒ Yes

7. **What kind of debt do you have?**

☒ **Your debts are primarily consumer debts.** *Consumer debts* are those "incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). Fill out lines 8-9g for statistical purposes. 28 U.S.C. § 159.

☐ **Your debts are not primarily consumer debts.** You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

8. **From the *Statement of Your Current Monthly Income*:** Copy your total current monthly income from Official Form 122A-1 Line 11; **OR**, Form 122B Line 11; **OR**, Form 122C-1 Line 14.                      $ 3,225.35

9. Copy the following special categories of claims from Part 4, line 6 of *Schedule E/F*:

|  | Total claim |
| --- | --- |
| **From Part 4 of Schedule E/F, copy the following:** | |
| 9a. Domestic support obligations (Copy line 6a.) | $ 0.00 |
| 9b. Taxes and certain other debts you owe the government. (Copy line 6b.) | $ 0.00 |
| 9c. Claims for death or personal injury while you were intoxicated. (Copy line 6c.) | $ 0.00 |
| 9d. Student loans. (Copy line 6f.) | $ 0.00 |
| 9e. Obligations arising out of a separation agreement or divorce that you did not report as priority claims. (Copy line 6g.) | $ 0.00 |
| 9f. Debts to pension or profit-sharing plans, and other similar debts. (Copy line 6h.) | $ 0.00 |
| 9g. **Total.** Add lines 9a through 9f. | $ 0.00 |

**Fill in this information to identify your case and this filing:**

| | | | |
|---|---|---|---|
| Debtor 1 | Nieama | Chanell | Lewis |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the : ___NORTHERN___ District of ___ILLINOIS___
(State)

Case Number _____
(if known)

☐ Check if this is an amended filing

# Official Form 106A/B

## Schedule A/B: Property                                                                 12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

---

**Part 1:**    Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

01. Do you own or have any legal or equitable interest in any residence, building, land, or similar property?

■ No.
☐ Yes.    Describe.....

2. Add the dollar value of the portion you own for all of your entries fro Part 1, including any entries for pages

you have attached for Part 1. Write that number here ................................................................  -->        $0.00

---

**Part 2:**    Describe Your Vehicles

Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not? Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

03. Cars, vans, trucks, tractors, sport utility vehicles, motorcycles

■ No.
☐ Yes.    Describe.....

04. Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories

Examples: Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

■ No.
☐ Yes.

5. Add the dollar value of the portion you own for all of your entries fro Part 2, including any entries for pages

you have attached for Part 2. Write that number here ................................................................  -->        $ 0.00

---

**Part 3:**    Describe Your Personal and Household Items

Do you own or have any legal or equitable interest in any of the following items?

**Current value of the portion you own?**
Do not deduct secured claims or exemptions

06. Household goods and furnishings

Examples: Major appliances, furniture, linens, china, kitchenware

☐ No.
■ Yes.    Describe.....

| | |
|---|---|
| Furniture, linens, small appliances, table & chairs, bedroom set | *$500* |

$_____500.00

07. Electronics

Examples: Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games

☐ No.
■ Yes.    Describe.....

| | |
|---|---|
| TV, DVD player, DVDs, computer, printer, music collection, cellphone | *$250* |

$_____250.00

08. Collectibles of value

Examples: Antiques and figurines; paintings, prints or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles

☐ No.
■ Yes.    Describe.....

| |
|---|

$_____0.00

Debtor 1    Nieama          Chanell          Lewis          Case number *(if known)* _____
First Name    Middle Name    Last Name

**09. Equipment for sports and hobbies**

Examples: Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments

- ■ No.
- ☐ Yes.  Describe.....

| | |
|---|---|
| | $_____0.00 |

**10. Firearms**

Examples: Pistols, rifles, shotguns, ammunition, and related equipment

- ■ No.
- ☐ Yes.  Describe.....

| | |
|---|---|
| | $_____0.00 |

**11. Clothes**

Examples: Everyday clothes, furs, leather coats, designer wear, shoes, accessories

- ☐ No.
- ■ Yes.  Describe.....

| Necessary wearing apparel | $200 |
|---|---|
| | $_____200.00 |

**12. Jewelry**

Examples: Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver

- ☐ No.
- ■ Yes.  Describe.....

| Earrings, watches, costume jewelry | $100 |
|---|---|
| | $_____100.00 |

**13. Non-farm animals**

Examples: Dogs, cats, birds, horses

- ■ No.
- ☐ Yes.  Describe.....

| | |
|---|---|
| | $_____0.00 |

**14. Any other personal and household items you did not already list, including any health aids you did not list**

- ☐ No.
- ■ Yes.  Describe.....

| Books, family photos | $50 |
|---|---|
| | $_____50.00 |

**15.** Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here ..................................................................................  -->

| |
|---|
| $1,100.00 |

---

**Part 4:**    **Describe Your Financial Assets**

Do you own or have any legal or equitable interest in any of the following?

Current value of the portion you own?
Do not deduct secured claims or exemptions

**16. Cash**

Examples: Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition

- ☐ No.
- ☐ Yes.  Describe.....

| |
|---|
| $_____900.00 |

**17. Deposits of money**

Examples: Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.

- ☐ No.
- ■ Yes.  Describe.....

Account Type:            Institution name:

| Checking Account | Chase | $_____493.00 |
|---|---|---|
| | | $_____493.00 |

**18. Bonds, mutual funds, or publicly traded stocks**

Examples: Bond funds, investment accounts with brokerage firms, money market accounts

- ■ No.
- ☐ Yes.  Describe.....

Institution or issuer name:

| |
|---|
| $_____0.00 |

**19. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in**

- ■ No.
- ☐ Yes.  Describe.....

Name of Entity and Percent of Ownership:

| |
|---|
| $_____0.00 |

**20. Government and corporate bonds and other negotiable and non-negotiable instruments**

Negotiable instruments include personal checks, cashiers' checks, promissory notes, and money orders.
Non-negotiable instruments are those you cannot transfer to someone by signing or delivering them.

■ No.

☐ Yes.   Describe.....   Issuer name:

$_____0.00

**21. Retirement or pension accounts**

Examples: Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans

■ No.

☐ Yes.   Describe.....   Type of account and Institution name:

$_____0.00

**22. Security deposits and prepayments**

Your share of all unused deposits you have made so that you may continue service or use from a company
Examples: Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications

■ No.

☐ Yes.   Describe.....   Institution name or individual:

$_____0.00

**23. Annuities (A contract for a periodic payment of money to you, either for life or for a number of years)**

■ No.

☐ Yes.   Describe.....   Issuer name and description:

$_____0.00

**24. Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**

26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).

■ No.

☐ Yes.   Describe.....   Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

$_____0.00

**25. Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers**

■ No.

☐ Yes.   Describe.....   [                                        ]

$_____0.00

**26. Patents, copyrights, trademarks, trade secrets, and other intellectual property**

Examples: Internet domain names, websites, proceeds from royalties and licensing agreements

■ No.

☐ Yes.   Describe.....   [                                        ]

$_____0.00

**27. Licenses, franchises, and other general intangibles**

Examples: Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses

■ No.

☐ Yes.   Describe.....   [                                        ]

$_____0.00

| Money or property owed to you? | Current value of the portion you own? Do not deduct secured claims or exemptions |
|---|---|

**28. Tax refunds owed to you**

■ No.

☐ Yes.   Describe.....   [                                        ]

$_____0.00

**29. Family support**

Examples: Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement

■ No.

☐ Yes.   Describe.....   [                                        ]

$_____0.00

**30. Other amounts someone owes you**

Examples: Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay, workers' compensation,
Social Security benefits; unpaid loans you made to someone else

■ No.

☐ Yes.   Describe.....   [                                        ]

$_____0.00

Debtor 1    Nieama          Chanell          Lewis
           First Name       Middle Name       Last Name

Case 16-09230    Doc 1    Filed 03/17/16    Entered 03/17/16 13:49:38    Desc Main
                         Document      Page 13 of 57    Case number (if known) _____

**31. Interest in insurance policies**

Examples: Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance

- ☑ No.
- ☐ Yes.    Describe.....    Company Name & Beneficiary:

$_____0.00

**32. Any interest in property that is due you from someone who has died**

If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.

- ☑ No.
- ☐ Yes.    Describe.....

$_____0.00

**33. Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**

Examples: Accidents, employment disputes, insurance claims, or rights to sue

- ☑ No.
- ☐ Yes.    Describe.....

$_____0.00

**34. Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights**

- ☑ No.
- ☐ Yes.    Describe.....

$_____0.00

**35. Any financial assets you did not already list**

- ☑ No.
- ☐ Yes.    Describe.....

$_____0.00

**36. Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here** ......................................................................    -->    $493.00

---

**Part 5:    Describe Any Business-Related Property You Own or Have an Interest In.  List any real estate in Part 1.**

**37. Do you own or have any legal or equitable interest in any business-related property?**

- ☑ No.
- ☐ Yes.

**Current value of the portion you own?**
Do not deduct secured claims or exemptions

**38. Accounts receivable or commissions you already earned**

- ☑ No.
- ☐ Yes.    Describe.....

$_____0.00

**39. Office equipment, furnishings, and supplies**

Examples: Business-related computers, software, modems, printers, copiers, fax machines, rugs, telephones, desks, chairs, electronic devices

- ☑ No.
- ☐ Yes.    Describe.....

$_____0.00

**40. Machinery, fixtures, equipment, supplies you use in business, and tools of your trade**

- ☑ No.
- ☐ Yes.    Describe.....

$_____0.00

**41. Inventory**

- ☑ No.
- ☐ Yes.    Describe.....

$_____0.00

**42. Interests in partnerships or joint ventures**

- ☑ No.
- ☐ Yes.    Describe.....    Name of Entity and Percent of Ownership:

$_____0.00

**43. Customer lists, mailing lists, or other compilations**

- ☑ No.
- ☐ Yes.    Describe.....

$_____0.00

**44.  Any business-related property you did not already list**

■ No.

☐ Yes.    Describe.....

[                                        ]        $_____0.00

**45.  Add the dollar value of all of your entries from Part 5, including any entries for pages you have attached**

**for Part 5.  Write that number here** .................................................................................  -->        [ $ 0.00 ]

| **Part 6:** | **Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.** |
| | **If you own or have an interest in farmland, list it in Part 1.** |

**46.  Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**

■ No.

☐ Yes.    Describe.....        $_____0.00

**47.  Farm animals**

Examples: Livestock, poultry, farm-raised fish

■ No.

☐ Yes.    Describe.....

[                                        ]        $_____0.00

**48.  Crops—either growing or harvested**

■ No.

☐ Yes.    Describe.....

[                                        ]        $_____0.00

**49.  Farm and fishing equipment, implements, machinery, fixtures, and tools of trade**

■ No.

☐ Yes.    Describe.....

[                                        ]        $_____0.00

**50.  Farm and fishing supplies, chemicals, and feed**

■ No.

☐ Yes.    Describe.....

[                                        ]        $_____0.00

**51.  Any farm- and commercial fishing-related property you did not already list**

■ No.

☐ Yes.    Describe.....

[                                        ]        $_____0.00

**52.  Add the dollar value of all of your entries from Part 6, including any entries for pages you have attached**

**for Part 6.  Write that number here** .................................................................................  -->        [ $0.00 ]

| **Part 7:** | **Describe All Property You Own or Have an Interest in That You Did Not List Above** |

**53.  Do you have other property of any kind you did not already list?**

Examples: Season tickets, country club membership

■ No.

☐ Yes.    Describe.....

[                                        ]        $_____0.00

**54.  Add the dollar value of all of your entries from Part 7.  Write that number here** .......................  -->        [ $0.00 ]

Debtor 1    Nieama           Chanell           Lewis                    Case Number (if known) _____
            First Name       Middle Name       Last Name

| Part 8: | List the Totals of Each Part of this Form |
|---|---|

55. **Part 1: Total real estate, line 2**                                                 $ 0.00

56. **Part 2: Total vehicles, line 5**                                    $ 0.00

57. **Part 3: Total personal and household items, line 15**               $ 1,100.00

58. **Part 4: Total financial assets, line 36**                           $ 493.00

59. **Part 5: Total business-related property, line 45**                  $ 0.00

60. **Part 6: Total farm- and fishing-related property, line 52**         $ 0.00

61. **Part 7: Total other property not listed, line 54**                  $ 0.00

62. **Total personal property.** Add lines 56 through 61. ....................    $ 1,593.00                    $ 1,593.00

63. **Toal of all property on Schedule A/B.** Add line 55 + line 62                              **$1,593.00**

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | Nieama | Chanell | Lewis |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the : ___NORTHERN___ District of ___ILLINOIS___
(State)

Case Number _____
(If known)

☐ Check if this is an amended filing

## Official Form 106C

## Schedule C: The Property You Claim as Exempt

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on Schedule A/B: Property (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of Part 2: Additional Page as necessary. On the top of any additional pages, write your name and case number (if known).

**For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions-such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds-may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.**

| Part 1: | Identify the Property You Claim as Exempt |
|---|---|

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

   ■ You are claiming state and federal nonbankruptcy exemptions. 11 U.S.C. § 522(b)(3)

   ☐ You are claiming federal exemptions. 11 U.S.C. § 522(b)(2)

2. **For any property you list on** *Schedule A/B* **that you claim as exempt, fill in the information below.**

| Brief description of the property and line on Schedule A/B that lists this property | Current value of the portion you own<br><br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption* | Specific laws that allow exemption |
|---|---|---|---|
| Brief description: Furniture, linens, small appliances, table & chairs, bedroom set<br><br>Line from *Schedule A/B*: 06 | $ 500 | ☐ $ ____<br><br>■ 100% of fair market value, up to any applicable statutory limit | 735 ILCS 5/12-1001(b) - $500.00 |
| Brief description: TV, DVD player, DVDs, computer, printer, music collection, cellphone<br><br>Line from *Schedule A/B*: 07 | $ 250 | ☐ $ ____<br><br>■ 100% of fair market value, up to any applicable statutory limit | 735 ILCS 5/12-1001(b) - $250.00 |
| Brief description: Necessary wearing apparel<br><br>Line from *Schedule A/B*: 11 | $ 200 | ☐ $ ____<br><br>■ 100% of fair market value, up to any applicable statutory limit | 735 ILCS 5/12-1001(a),(e) - $200.00 |
| Brief description: Earrings, watches, costume jewelry<br><br>Line from *Schedule A/B*: 12 | $ 100 | ☐ $ ____<br><br>■ 100% of fair market value, up to any applicable statutory limit | 735 ILCS 5/12-1001(b) - $100.00 |

Debtor 1    Nieama                    Chanell                    Lewis                    Case Number (if known) _____
              First Name              Middle Name              Last Name

| Part 2: | Additional Page |
|---|---|

| Brief description of the property and line on Schedule A/B that lists this property | Current value of the portion you own | Amount of the exemption you claim | Specific laws that allow exemption |
|---|---|---|---|
| | Copy the value from *Schedule A/B* | *Check only one box for each exemption* | |
| Brief description: ___ Books, family photos ___ <br> Line from *Schedule A/B*: 14 | $ 50 | ☐ $ _____ <br> ■ 100% of fair market value, up to any applicable statutory limit | 735 ILCS 5/12-1001(a) - $50.00 <br> _____ <br> _____ <br> _____ |
| Brief description: ___ Cash ___ <br> Line from *Schedule A/B*: 16 | $ 900 | ☐ $ _____ <br> ■ 100% of fair market value, up to any applicable statutory limit | 735 ILCS 5/12-1001(b) - $900.00 <br> _____ <br> _____ <br> _____ |
| Brief description: ___ Checking Account, Chase, 493.00 ___ <br> Line from *Schedule A/B*: 17 | $ 493 | ■ $ 394 <br> ☐ 100% of fair market value, up to any applicable statutory limit | 735 ILCS 5/12-1001(b) - $394.00 <br> _____ <br> _____ <br> _____ |

3.  **Are you claiming a homestead exemption of more than $155,675?**

(Subject to adjustment on 4/01/16 and every 3 years after that for cases filed on or after the date of adjustment .)

■ No.

☐ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

    ☐ No

    ☐ Yes.

**Fill in this information to identify your case:**

Debtor 1    Nieama          Chanell          Lewis
            First Name      Middle Name      Last Name

Debtor 2
(Spouse, if filing)  First Name    Middle Name    Last Name

United States Bankruptcy Court for the :    NORTHERN    District of   ILLINOIS
                                                         (State)

Case Number
(If known)

☐ Check if this is an
  amended filing

## Official Form 106D

# Schedule D: Creditors Who Have Claims Secured by Property

12/15

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).**

1. **Do any creditors have claims secured by your property?**

   ☒ No.  Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.

   ☐ Yes. Fill in all of the information below.

**Part 1:**    **List All Secured Claims**

| 2. **List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.  If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditors name. | Column A<br>**Amount of claim**<br>Do not deduct the value of collateral | Column A<br>**Value of collateral that supports this claim** | Column C<br>**Unsecured portion**<br>If any |
|---|---|---|---|

Add the dollar value of your entries in Column A on this page.  Write that number here:                            $_____

**Fill in this information to identify your case:**

| Debtor 1 | Nieama | Chanell | Lewis |
|---|---|---|---|
| | First Name | Middle Name | Last Name |

| Debtor 2 | | | |
|---|---|---|---|
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the : ___NORTHERN___ District of ___ILLINOIS___
(State)

Case Number _____
(if known)

☐ Check if this is an
   amended filing

## Official Form 106E/F

## Schedule E/F: Creditors Who Have Unsecured Claims                    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY claims and Part 2 for creditors with NONPRIORITY claims.
List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Property* (Official Form 106A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 106G). Do not include any creditors with partially secured claims that are listed in *Schedule D: Creditors Who Have Claims Secured by Property*. If more space is needed, copy the Part you need, fill it out, and number the entries in the boxes on the left. Attach the Continuation Page to this page. On the top of any additional pages, write your name and case number (if known).

### Part 1:   List All of Your PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims against you?**

   ☑ No.  Go to Part 2.

   ☐ Yes.

2. **List all of your priority unsecured claims.** If a creditor has more than one priority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. If a claim has both priority and nonpriority amounts, list that claim here and show both priority and nonpriority amounts. As much as possible, list the claims in alphabetical order according to the creditor's name. If you have more than two priority unsecured claims, fill out the Continuation Page of Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.
   (For an explanation of each type of claim, see the instructions for this form in the instruction booklet.)

| | Total claim | Priority amount | Nonpriority amount |
|---|---|---|---|

### Part 2:   List All of Your NONPRIORITY Unsecured Claims

3. **Do any creditors have nonpriority unsecured claims against you?**

   ☐ No.  You have nothing to report in this part.  Submit this form to the court with your other schedules.

   ☑ Yes.

4. **List all of your nonpriority unsecured claims in the alphabetical order of the creditor who holds each claim.** If a creditor has more than one nonpriority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. Do not list claims already included in Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.If you have more than three nonpriority unsecured claims fill out the Continuation Page of Part 2.

| | | Total claim |
|---|---|---|
| **4.1** Advocate Health Care | Last 4 digits of account number ___ ___ ___ ___ | $ 1,200.00 |
| Creditor's Name | | |
| 22393 Network Pl. | When was the debt incurred?   2015 | |
| Number      Street | | |
| | **As of the date you file, the claim is:** Check all that apply. | |
| | ☐ Contingent | |
| Chicago            IL      60673 | ☐ Unliquidated | |
| City            State  Zip Code | ☐ Disputed | |
| **Who owes the debt?** Check one. | | |
| ☐ Debtor 1 only | | |
| ☐ Debtor 2 only | **Type of NONPRIORITY unsecured claim:** | |
| ☐ Debtor 1 and Debtor 2 only | ☐ Student loans | |
| ☐ At least one of the debtors and another | ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims | |
| ☐ **Check if this claim relates to a community debt** | ☐ Debts to pension or profit-sharing plans, and other similar debts | |
| **Is the claim subject to offset?** | | |
| ☑ No | ☑ Other. Specify  Medical/Dental Services | |
| ☐ Yes | | |

Debtor 1   Nieama _____ Chanell _____ Lewis _____   Case Number (if known) _____
          First Name        Middle Name        Last Name

| **Part 2:** | **Your NONPRIORITY Unsecured Claims - Continuation Page** |
|---|---|

| After listing any entries on this page, number them beginning with 4.4, followed by 4.5, and so forth. | Total Claim |
|---|---|

---

**4.2**  City of Chicago Bureau Parking

Creditor's Name

PO Box 88292

Number      Street

_____

Chicago          IL    60680
City             State  Zip Code

**Who owes the debt?** Check one.
- ☐ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim relates to a community debt**

**Is the claim subject to offset?**
- ■ No
- ☐ Yes

**Last 4 digits of account number** ___ ___ ___ ___

**When was the debt incurred?** _____

**As of the date you file, the claim is:** Check all that apply.
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**
- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify   Debt Owed

$ 3,000.00

---

**4.3**  City of Hometown

Creditor's Name

4331 Southwest Highway

Number      Street

_____

Hometown         IL    60456
City             State  Zip Code

**Who owes the debt?** Check one.
- ☐ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim relates to a community debt**

**Is the claim subject to offset?**
- ■ No
- ☐ Yes

**Last 4 digits of account number** ___ ___ ___ ___

**When was the debt incurred?** _____

**As of the date you file, the claim is:** Check all that apply.
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**
- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify   Fines

$ 100.00

---

**4.4**  Comcast Cable Communications

Creditor's Name

330 S. Warminster Rd.

Number      Street

_____

Hatboro          PA    19040
City             State  Zip Code

**Who owes the debt?** Check one.
- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim relates to a community debt**

**Is the claim subject to offset?**
- ■ No
- ☐ Yes

**Last 4 digits of account number** 2704 ___ ___

**When was the debt incurred?** 2010-15

**As of the date you file, the claim is:** Check all that apply.
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**
- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify   Cable Bill

$ 350.00

---

Debtor 1 | Nieama | Chanell | Lewis | Case Number (if known) _____

First Name | Middle Name | Last Name

**Part 2:** Your NONPRIORITY Unsecured Claims - Continuation Page

After listing any entries on this page, number them beginning with 4.4, followed by 4.5, and so forth. | **Total Claim**

---

**4.5** | Illinois Collection Serv. | | $ 150.00

Creditor's Name

8231 185th St., Ste. 100

Number        Street

Tinley Park            IL      60487
City                  State   Zip Code

**Who owes the debt?** Check one.
- ☑ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

☑ Check if this claim relates to a community debt

**Is the claim subject to offset?**
- ☑ No
- ☐ Yes

**Last 4 digits of account number**    2315

**When was the debt incurred?**    2009-14

**As of the date you file, the claim is:** Check all that apply.
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**
- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☑ Other. Specify    Medical Debt

---

**4.6** | Illinois State Toll Hwy Auth | | $ 4,000.00

Creditor's Name

2700 Ogden Ave.

Number        Street

Downers Grove         IL      60515-1703
City                  State   Zip Code

**Who owes the debt?** Check one.
- ☐ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

☑ Check if this claim relates to a community debt

**Is the claim subject to offset?**
- ☑ No
- ☐ Yes

**Last 4 digits of account number**    ___ ___ ___ ___

**When was the debt incurred?**    _____

**As of the date you file, the claim is:** Check all that apply.
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**
- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☑ Other. Specify    Fines

---

**4.7** | Santander Consumer USA | | $ 5,750.00

Creditor's Name

PO Box 961245

Number        Street

Ft Worth              TX      76161
City                  State   Zip Code

**Who owes the debt?** Check one.
- ☑ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

☑ Check if this claim relates to a community debt

**Is the claim subject to offset?**
- ☑ No
- ☐ Yes

**Last 4 digits of account number**    1000

**When was the debt incurred?**    7/8/13

**As of the date you file, the claim is:** Check all that apply.
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**
- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☑ Other. Specify    Deficiency, Repo'd/Surr'd Auto

---

Debtor 1  Nieama            Chanell              Lewis                Case Number *(if known)* _____
          First Name         Middle Name          Last Name

| **Part 2:** | **Your NONPRIORITY Unsecured Claims - Continuation Page** |
|---|---|

**After listing any entries on this page, number them beginning with 4.4, followed by 4.5, and so forth.**       **Total Claim**

---

**4.8**  Secretary of State
Creditor's Name

2701 S. Dirksen Pkwy.
Number        Street

_____

Springfield          IL     62723
City                 State  Zip Code

**Who owes the debt?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this claim relates to a community debt**

**Is the claim subject to offset?**
☒ No
☐ Yes

$ 0.00

**Last 4 digits of account number** ___ ___ ___ ___

**When was the debt incurred?**  _____

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☒ Other. Specify  Notice Only _____

---

**4.9**  T-Mobile
Creditor's Name

PO Box 742596
Number        Street

_____

Cincinnati          OH    45274-2596
City                 State  Zip Code

**Who owes the debt?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this claim relates to a community debt**

**Is the claim subject to offset?**
☒ No
☐ Yes

$ 850.00

**Last 4 digits of account number** ___ ___ ___ ___

**When was the debt incurred?**  2015 _____

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☒ Other. Specify  Utility Bills/Cellular Service _____

---

Debtor 1  Nieama                    Chanell                    Lewis
         First Name              Middle Name              Last Name

Case Number (if known) _____

| **Part 3:** | **List Others to Be Notified for a Debt That You Already Listed** |
| --- | --- |

5.  Use this page only if you have others to be notified about your bankruptcy, for a debt that you already listed in Parts 1 or 2. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the original creditor in Parts 1 or 2, then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Parts 1 or 2, list the additional creditors here. If you do not have additional persons to be notified for any debts in Parts 1 or 2, do not fill out or submit this page.

---

Arnold Scott Harris PC
Name

111 W. Jackson Blvd., Ste. 600
Number        Street

Chicago                                    IL    60604
City                          State   Zip Code

**On which entry in Part 1 or Part 2 list the original creditor?**

Line __1__ of (Check one):

☐ Part 1: Creditors with Priority Unsecured Claims

☒ Part 2: Creditors with Nonpriority Unsecured Claims

**Last 4 digits of account number** ____ ____ ____ ____

---

Comcast
Name

PO Box 3002
Number        Street

Southeastern                              PA   19398
City                          State   Zip Code

**On which entry in Part 1 or Part 2 list the original creditor?**

Line __2__ of (Check one):

☐ Part 1: Creditors with Priority Unsecured Claims

☒ Part 2: Creditors with Nonpriority Unsecured Claims

**Last 4 digits of account number** ____ 2704 ____

---

Southwest Credit Systems
Name

5910 W. Plano Pkwy., #100
Number        Street

Plano                                      TX   75093-220:
City                          State   Zip Code

**On which entry in Part 1 or Part 2 list the original creditor?**

Line __3__ of (Check one):

☐ Part 1: Creditors with Priority Unsecured Claims

☒ Part 2: Creditors with Nonpriority Unsecured Claims

**Last 4 digits of account number** ____ ____ ____ ____

---

| Debtor 1 | Nieama | Chanell | Lewis | Case Number *(if known)* _____ |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

| **Part 4:** | **Add the Amounts for Each Type of Unsecured Claim** |
|---|---|

6. **Total the amounts of certain types of unsecured claims. This information is for statistical reporting purposes only. 28 U.S.C. § 159.**
   Add the amounts for each type of unsecured claim.

| | | | Total claim |
|---|---|---|---|
| **Total claims from Part 1** | 6a. **Domestic support obligations** | 6a. | $ 0.00 |
| | 6b. **Taxes and Certain other debts you owe the government** | 6b. | $ 0.00 |
| | 6c. **Claims for death or personal injury while you were intoxicated** | 6c. | $ 0.00 |
| | 6d. **Other.** Add all other priority unsecured claims. Write that amount here. | 6d. | $ 0.00 |
| | 6e. **Total.** Add lines 6a through 6d. | 6e. | $ 0.00 |

| | | | Total claim |
|---|---|---|---|
| **Total claims from Part 2** | 6f. **Student loans** | 6f. | $ 0.00 |
| | 6g. **Obligations arising out of a separation agreement or divorce that you did not report as priority claims** | 6g. | $ 0.00 |
| | 6h. **Debts to pension or profit-sharing plans, and other similar debts** | 6h. | $ 0.00 |
| | 6i. **Other.** Add all other nonpriority unsecured claims. Write that amount here. | 6i. | $ 15,400.00 |
| | 6j. **Total.** Add lines 6f through 6i. | 6j. | $ 15,400.00 |

Fill in this information to identify your case:

| Debtor 1 | Nieama | Chanell | Lewis |
|---|---|---|---|
| | First Name | Middle Name | Last Name |

| Debtor 2 | | | |
|---|---|---|---|
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the : __NORTHERN__ District of __ILLINOIS__
                                                                    (State)

Case Number _____
(If known)

☐ Check if this is an
   amended filing

## Official Form 106G

## Schedule G: Executory Contracts and Unexpired Leases                    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the additional page, fill it out, number the entries, and attach it to this page. On the top of any additional pages, write your name and case number (if known).

1. **Do you have any executory contracts or unexpired leases?**

   ☐ No.  Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.

   ☐ Yes. Fill in all of the information below even if the contracts or leases are listed in *Schedule A/B: Property* (Official Form 106A/B)

2. **List separately each person or company with whom you have the contract or lease. Then state what each contract or lease is for (for example, rent, vehicle lease, cell phone).** See the instructions for this form in the instruction booklet for more examples of executory contracts and unexpired leases.

| Person or company with whom you have the contract or lease | State what the contract or lease is for |
|---|---|
| **2.1** | |
| Name | |
| Number         Street | |
| City                    State   Zip Code | |
| **2.2** | |
| Name | |
| Number         Street | |
| City                    State   Zip Code | |
| **2.3** | |
| Name | |
| Number         Street | |
| City                    State   Zip Code | |
| **2.4** | |
| Name | |
| Number         Street | |
| City                    State   Zip Code | |
| **2.5** | |
| Name | |
| Number         Street | |
| City                    State   Zip Code | |

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | Nieama | Chanell | Lewis |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the : ___NORTHERN___ District of _ILLINOIS_

(State)

Case Number _____
(If known)

☐ Check if this is an amended filing

## Official Form 106H

### Schedule H: Your Codebtors

12/15

Codebtors are people or entities who are also liable for any debts you may have. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, and number the entries in the boxes on the left. Attach the Additional Page to this page. On the top of any Additional Pages, write your name and case number (if known). Answer every question.

1. **Do you have any codebtors?** (If you are filing a joint case, do not list either spouse as a codebtor.)

    ☒ No.

    ☐ Yes

2. **Within the last 8 years, have you lived in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Lousiiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)

    ☒ No. Go to line 3.

    ☐ Yes. Did your spouse, former spouse, or legal equivalent live with you at the time?

        ☐ No

        ☐ Yes. In which community state or territory did you live? _____. Fill in the name and current address of that person.

    _____
    Name of your spouse, former spouse or legal equivalent

    _____
    Number          Street

    _____
    City                          State                    Zip Code

3. **In Column 1, list all of your codebtors. Do not include your spouse as a codebtor if your spouse is filing with you. List the person shown in line 2 again as a codebtor only if that person is a guarantor or cosigner. Make sure you have listed the creditor on Schedule D (Official Form 106D), Schedule E/F (Official Form 106E/F), or Schedule G (Official Form 106G). Use Schedule D, Schedule E/F, or Schedule G to fill out Column 2.**

| Column 1: **Your codebtor** | Column 2: **The creditor to whom you owe the debt** |
|---|---|
| | Check all schedules that apply: |
| **3.1** _____<br>Name<br><br>_____<br>Number          Street<br><br>_____<br>City                    State            Zip Code | ☐ Schedule D, line _____<br>☐ Schedule E/F, line _____<br>☐ Schedule G, line _____ |
| **3.2** _____<br>Name<br><br>_____<br>Number          Street<br><br>_____<br>City                    State            Zip Code | ☐ Schedule D, line _____<br>☐ Schedule E/F, line _____<br>☐ Schedule G, line _____ |
| **3.3** _____<br>Name<br><br>_____<br>Number          Street<br><br>_____<br>City                    State            Zip Code | ☐ Schedule D, line _____<br>☐ Schedule E/F, line _____<br>☐ Schedule G, line _____ |

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | Nieama | Chanell | Lewis |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the : __NORTHERN DISTRICT OF ILLINOIS__

Case Number _____
(If known)

Check if this is:

☐ An amended filing

☐ A supplement showing post-petition
chapter 13 income as of the following date:

_____
MM / DD / YYYY

## Official Form 106I

## Schedule I: Your Income

12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for
supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse.
If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a
separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Describe Employment

| 1. Fill in your employment information | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| If you have more than one job, attach a separate page with information about additional employers. Include part-time, seasonal, or self-employed work. Occupation may Include student or homemaker, if it applies. | Employment status | ☒ Employed  ☐ Not employed | ☐ Employed  ☐ Not employed |
| | Occupation | **Mail Carrier** | |
| | Employers name | **USPS** | |
| | Employers address | **2825 Lone Oak Parkway** | |
| | | **Eagan, MN 55121** | , |
| | How long employed there? | | |

### Part 2:    Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing
spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the
lines below. If you need more space, attach a separate sheet to this form.

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | List monthly gross wages, salary and commissions (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | $4,256.81 | $0.00 |
| 3. | Estimate and list monthly overtime pay. | $0.00 | $0.00 |
| 4. | Calculate gross income. Add line 2 + line 3. | **$4,256.81** | **$0.00** |

Debtor 1 ___Nieama_____Chanell_____Lewis_____  Case Number *(if known)* _____

First Name                     Middle Name              Last Name

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| Copy line 4 here . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 4. | **$4,256.81** | **$0.00** |

5. **List all payroll deductions:**

| | | | |
|---|---|---|---|
| 5a. **Tax, Medicare, and Social Security deductions** | 5a. | $1,066.09 | $0.00 |
| 5b. **Mandatory contributions for retirement plans** | 5b. | $0.00 | $0.00 |
| 5c. **Voluntary contributions for retirement plans** | 5c. | $0.00 | $0.00 |
| 5d. **Required repayments of retirement fund loans** | 5d. | $0.00 | $0.00 |
| 5e. **Insurance** | 5e. | $0.00 | $0.00 |
| 5f. **Domestic support obligations** | 5f. | $0.00 | $0.00 |
| 5g. **Union dues** | 5g. | $59.02 | $0.00 |
| 5h. **Other deductions.** Specify: _____ | 5h. | $0.00 | $0.00 |
| 6. **Add the payroll deductions.** Add lines 5a + 5b + 5c + 5d + 5e +5f + 5g +5h. | 6. | $1,125.11 | $0.00 |
| 7. **Calculate total monthly take-home pay.** Subtract line 6 from line 4. | 7. | **$3,131.70** | **$0.00** |

8. **List all other income regularly received:**

| | | | |
|---|---|---|---|
| 8a. **Net income from rental property and from operating a business, profession, or farm** <br> Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $0.00 | $0.00 |
| 8b. **Interest and dividends** | 8b. | $0.00 | $0.00 |
| 8c. **Family support payments that you, a non-filing spouse, or a dependent regularly receive** <br> Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $ 0.00 | $ 0.00 |
| 8d. **Unemployment compensation** | 8d. | $0.00 | $0.00 |
| 8e. **Social Security** | 8e. | $0.00 | $0.00 |
| 8f. **Other government assistance that you regularly receive** <br> Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. <br> Specify: _____ | 8f. | $0.00 | $0.00 |
| 8g. **Pension or retirement income** | 8g. | $0.00 | $0.00 |
| 8h. **Other monthly income.** Specify: _____ | 8h. | $0.00 | $0.00 |
| 9. **Add all other income.** Add lines 8a + 8b + 8c + 8d + 8e + 8f +8g + 8h. | 9. | $0.00 | $0.00 |

| | | For Debtor 1 | | For Debtor 2 or non-filing spouse | | |
|---|---|---|---|---|---|---|
| 10. **Calculate monthly income.** Add line 7 + line 9. <br> Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse. | 10. | **$3,131.70** | + | **$0.00** | = | **$3,131.70** |

11. **State all other regular contributions to the expenses that you list in *Schedule J.***

Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.

Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*

Specify: _____           11.           $0.00

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.
Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities and Related Data*, if it applies           12.   **$3,131.70**

13. **Do you expect an increase or decrease within the year after you file this form?**

[x] No.

[ ] Yes. Explain: _____

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | Nieama | Chanell | Lewis |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the : __NORTHERN DISTRICT OF ILLINOIS__

Case Number _____
(if known)

Check if this is:

☐ An amended filing

☐ A supplement showing post-petition chapter 13
income as of the following date:

_____
MM / DD / YYYY

☐ A separate filing for Debtor 2 because Debtor 2
maintains a separate household.

## Official Form 106J

# Schedule J: Your Expenses

12/14

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If
more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer
every question.

| Part 1: | Describe Your Household |
|---|---|

**1. Is this a joint case?**

☒ No.  Go to line 2.

☐ Yes. **Does Debtor 2 live in a separate household?**

☐ No.

☐ Yes. Debtor 2 must file a separate Schedule J.

**2. Do you have dependents?**

Do not list Debtor 1 and
Debtor 2.

Do not state the dependents'
names.

☐ No

☒ Yes. Fill out this information for
each dependent.............................

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| Grandmother | 65 | ☐ No / ☒ Yes |
| | | ☒ No / ☐ Yes |
| | | ☒ No / ☐ Yes |
| | | ☒ No / ☐ Yes |
| | | ☒ No / ☐ Yes |

**3. Do your expenses include
expenses of people other than
yourself and your dependents?**

☒ No

☐ Yes

| Part 2: | Estimate Your Ongoing Monthly Expenses |
|---|---|

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report
expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in
the applicable date.

Include expenses paid for with non-cash government assistance if you know the value
of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

**Your expenses**

| | | |
|---|---|---|
| 4. | The rental or home ownership expenses for your residence.  Include first mortgage payments and any rent for the ground or lot. | |
| | | 4. $700.00 |
| | If not included in line 4: | |
| | 4a.  Real estate taxes | 4a. $0.00 |
| | 4b.  Property, homeowner's, or renter's insurance | 4b. $0.00 |
| | 4c.  Home maintenance, repair, and upkeep expenses | 4c. $0.00 |
| | 4d.  Homeowner's association or condominium dues | 4d. $0.00 |

| Debtor 1 | Nieama | Chanell | Lewis | Case Number (if known) _____ |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

| | | | Your expenses |
|---|---|---|---|
| 5. | **Additional Mortgage payments for your residence**, such as home equity loans | 5. | $0.00 |
| 6. | **Utilities:** | | |
| | 6a.  Electricity, heat, natural gas | 6a. | $400.00 |
| | 6b.  Water, sewer, garbage collection | 6b. | $80.00 |
| | 6c.  Telephone, cell phone, internet, satellite, and cable service | 6c. | $228.00 |
| | 6d.  Other. Specify:_____ | 6d. | $         0.00 |
| 7. | **Food and housekeeping supplies** | 7. | $650.00 |
| 8. | **Childcare and children's education costs** | 8. | $0.00 |
| 9. | **Clothing, laundry, and dry cleaning** | 9. | $90.00 |
| 10. | **Personal care products and services** | 10. | $80.00 |
| 11. | **Medical and dental expenses** | 11. | $25.00 |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | 12. | $420.00 |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | 13. | $60.00 |
| 14. | **Charitable contributions and religious donations** | 14. | $130.00 |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | |
| | 15a. Life insurance | 15a. | $0.00 |
| | 15b. Health insurance | 15b. | $0.00 |
| | 15c. Vehicle insurance | 15c. | $55.00 |
| | 15d. Other insurance. Specify:_____ | 15d. | $0.00 |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. | | |
| | Specify: _____ | 16. | $0.00 |
| 17. | **Installment or lease payments:** | | |
| | 17a. Car payments for Vehicle 1 | 17a. | $0.00 |
| | 17b. Car payments for Vehicle 2 | 17b. | $0.00 |
| | 17c. Other. Specify:_____ | 17c. | $0.00 |
| | 17d. Other. Specify:_____ | 17d. | $0.00 |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I).** | 18. | $0.00 |
| 19. | **Other payments you make to support others who do not live with you.** | | |
| | Specify:_____ | 19. | $0.00 |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income*.** | | |
| | 20a. Mortgages on other property | 20a. | $ 0.00 |
| | 20b. Real estate taxes | 20b. | $         0.00 |
| | 20c. Property, homeowner's, or renter's insurance | 20c. | $         0.00 |
| | 20d. Maintenance, repair, and upkeep expenses | 20d. | $         0.00 |
| | 20e. Homeowner's association or condominium dues | 20e. | $         0.00 |

Debtor 1    Nieama                Chanell            Lewis

      First Name            Middle Name        Last Name            Case Number *(if known)* _____

| | | |
|---|---|---|
| 21. | **Other**. Specify: _Postage/Bank Fees ($12.00),_____ | 21.       $12.00 |
| 22.. | **Your monthly expense:** Add lines 4 through 21.<br>The result is your monthly expenses. | 22.       $2,930.00 |

23. **Calculate your monthly net income.**

| | | |
|---|---|---|
| 23a. | Copy line 12 (your comibined monthly income) from *Schedule I*. | 23a.    $3,131.70 |
| 23b. | Copy your monthly expenses from line 22 above. | 23b.− $2,930.00 |
| 23c. | Subtract your monthly expenses from your monthly income.<br>The result is your *monthly net income.* | 23c.    **$201.70** |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**

For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

[X] No

[ ] Yes.     Explain Here:

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | Nieama | Chanell | Lewis |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the : ___NORTHERN___ District of __ILLINOIS__
(State)

Case Number _____
(If known)

☐ Check if this is an
   amended filing

## Official Form 106 Dec

# Declaration About an Individual Debtor's Schedules

12/15

If two married people are filing together, both are equally responsible for supplying correct information.

You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**Sign Below**

**Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?**

■ No

☐ Yes. Name of Person _____.

Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.

✘ /s/ Nieama Chanell Lewis _____
Signature of Debtor 1

✘ _____
Signature of Debtor 2

Date 03/16/2016 _____
    MM / DD / YYYY

Date _____
    MM / DD / YYYY

**Fill in this information to identify your case:**

Debtor 1      Nieama          Chanell          Lewis
              First Name       Middle Name      Last Name

Debtor 2
(Spouse, if filing)   First Name       Middle Name      Last Name

United States Bankruptcy Court for the : __NORTHERN__ District of __ILLINOIS__
                                                                    (State)

Case Number _____
(If known)

☐ Check if this is an
   amended filing

## Official Form 107

## Statement of Financial Affairs for Individuals Filing for Bankruptcy

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

| Part 1: | Give Details About Your Marital Status and Where You Lived Before |
|---------|------------------------------------------------------------------|

**01. What is your current marital status?**

☐ Married

☑ Not married

**02  During the last 3 years, have you lived anywhere other than where you live now?**

☑ No.

☐ Yes. List all of the places you lived in the last 3 years.  Do not include where you live now.

| Debtor 1 | Dates Debtor 1 lived there | Debtor 2: | Dates Debtor 2 lived there |
|----------|----------------------------|-----------|----------------------------|

**03  Within the last 8 years, did you ever live with a spouse or legal equivalent in a community property state or territory? (Community property states and territories include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)**

☑ No.

☐ Yes. Make sure you fill out Schedule H: Your Codebtors (Official Form 106H).

| Part 2: | Explain the Sources of Your Income |
|---------|-------------------------------------|

| Debtor 1 | Nieama | Chanell | Lewis | | Case Number (if known) _____ |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

**04  Did you have any income from employment or from operating a business during this year or the two previous calendar years?**

Fill in the total amount of income you received from all jobs and all businesses, including part-time activities.

If you are filing a joint case and you have income that you receive together, list it only once under Debtor 1.

☐ No.
■ Yes. Fill in the details

| | Debtor 1 Sources of income Check all that apply | Gross income (before deductions and exclusions) | Debtor 2 Sources of income Check all that apply | Gross income (before deductions and exclusions) |
|---|---|---|---|---|
| **From January 1 of current year until the date you filed for bankruptcy:** | ■ Wages, commissions, bonuses, tips ☐ Operating a business | $4,257/month | ☐ Wages, commissions, bonuses, tips ☐ Operating a business | _____ |
| **For last calendar year:** (January 1 to December 31, 2015) | ■ Wages, commissions, bonuses, tips ☐ Operating a business | $23,961 | ☐ Wages, commissions, bonuses, tips ☐ Operating a business | _____ |
| **For the calendar year before that:** (January 1 to December 31, 2014) | ■ Wages, commissions, bonuses, tips ☐ Operating a business | $13,326 | ☐ Wages, commissions, bonuses, tips ☐ Operating a business | _____ |

**05  Did you receive any other income during this year or the two previous calendar years?**

Include income regardless of whether that income is taxable. Examples of other income are alimony; child support; Social Security, unemployment, and other public benefit payments; pensions; rental income; interest; dividends; money collected from lawsuits; royalties; and gambling and lottery winnings. If you are filing a joint case and you have income that you received together, list it only once under Debtor 1.

List each source and the gross income from each source separately. Do not include income that you listed in line 4.

☐ No.
■ Yes. Fill in the details

| | Debtor 1 Sources of income Describe below. | Gross income (before deductions and exclusions) | Debtor 2 Sources of income Describe below. | Gross income (before deductions and exclusions) |
|---|---|---|---|---|
| **From January 1 of current year until the date you filed for bankruptcy:** | Unemployment Withdrawal f4rom pension | $0 $0 | _____ _____ | _____ _____ |
| **For last calendar year:** (January 1 to December 31, 2015) | Unemployment Withdrawal from pension | $3,021 $4,509 | _____ _____ | _____ _____ |
| **For last calendar year:** (January 1 to December 31, 2014) | Unemployment Withdrawal from pension | $0 $0 | _____ _____ | _____ _____ |

| Debtor 1 | Nieama | Chanell | Lewis | Case Number *(if known)* _____ |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

---

**Part 3:**  **List Certain Payments You Made Before You Filed for Bankruptcy**

06   **Are either Debtor 1's or Debtor 2's debts primarily consumer debts?**

☐ No. **Neither Debtor 1 nor Debtor 2 has primarily consumer debts.** Consumer debts are defined in 11 U.S.C. § 101(8) as
"incurred by an individual primarily for a personal, family, or household purpose."

During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $6,225* or more?

☐ No. Go to line 7.

☐ Yes. List below each creditor to whom you paid a total of $6,225* or more in one or more payments and the
total amount you paid that creditor. Do not include payments for domestic support obligations, such as
child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

* Subject to adjustment on 4/01/16 and every 3 years after that for cases filed on or after the date of adjustment.

■ Yes. **Debtor 1 or Debtor 2 or both have primarily consumer debts.**

During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $600 or more?

■ No. Go to line 7.

☐ Yes. List below each creditor to whom you paid a total of $600 or more and the total amount you paid that
creditor. Do not include payments for domestic support obligations, such as child support and
alimony. Also, do not include payments to an attorney for this bankruptcy case.

| | Dates of payments | Total amount paid | Amount you still owe | Was this payment for... |
|---|---|---|---|---|

07   Within 1 year before you filed for bankruptcy, did you make a payment on a debt you owed anyone who was an insider?
Insiders include your relatives; any general partners; relatives of any general partners; partnerships of which you are a general partner;
corporations of which you are an officer, director, person in control, or owner of 20% or more of their voting securities; and any managing
agent, including one for a business you operate as a sole proprietor. 11 U.S.C. § 101. Include payments for domestic support obligations,
such as child support and alimony.

■ No.
☐ Yes. List all payments to an insider.

| | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment |
|---|---|---|---|---|

08   Within 1 year before you filed for bankruptcy, did you make any payments or transfer any property on account of a debt that benefited
an insider?
Include payments on debts guaranteed or cosigned by an insider.

■ No.
☐ Yes. List all payments to an insider.

| | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment Include creditor's name |
|---|---|---|---|---|

---

**Part 4:**  **Identify Legal actions, Repossessions, and Foreclosures**

09   Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?
List all such matters, including personal injury cases, small claims actions, divorces, collection suits, paternity actions, support or custody
modifications, and contract disputes.

■ No.
☐ Yes. Fill in the details.

| | Nature of the case | Court or agency | Status of the case |
|---|---|---|---|

10   Within 1 year before you filed for bankruptcy, was any of your property repossessed, foreclosed, garnished, attached, seized, or levied?
Check all that apply and fill in the details below.

■ No. Go to line 11
☐ Yes. Fill in the information below.

---

| Debtor 1 | Nieama | Chanell | Lewis | Case Number *(if known)* _____ |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

**11.** Within 90 days before you filed for bankruptcy, did any creditor, including a bank or financial institution, set off any amounts from your accounts or refuse to make a payment because you owed a debt?

■ No. Go to line 11
☐ Yes. Fill in the information below.

**12.** Within 1 year before you filed for bankruptcy, was any of your property in the possession of an assignee for the benefit of creditors, a court-appointed receiver, a custodian, or another official?

■ No.
☐ Yes.

| Part 5: | List Certain Gifts and Contributions |
|---|---|

**13.** Within 2 years before you filed for bankruptcy, did you give any gifts with a total value of more than $600 per person?

■ No.
☐ Yes. Fill in the details for each gift.

**14.** Within 2 years before you filed for bankruptcy, did you give any gifts or contributions with a total value of more than $600 to any charity?

☐ No.
■ Yes. Fill in the details for each gift.

| Gifts or contributions to charities that total more than $600 | Describe what you contributed | Date you contributed | Value |
|---|---|---|---|
| New Life Covenant, 5517 S. Michigan Ave., Chicago, IL 60637 | cash | 2008-16 | $130/month |

| Part 6: | List Certain Losses |
|---|---|

**15.** Within 1 year before you filed for bankruptcy or since you filed for bankruptcy, did you lose anything because of theft, fire, other disaster, or gambling?

☐ No.
■ Yes. Fill in the details for each gift.

| Describe the property you lost and how the loss occurred | Describe any insurance coverage for the loss Include the amount that insurance has paid. List | Date of your loss | Value of property lost |
|---|---|---|---|
| 2010 Hyundai Elantra | loss not covered by insurance | early 2015 | $5,700 |

| Part 7: | List Certain Payments or Transfers |
|---|---|

**16.** Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone you consulted about seeking bankruptcy or preparing a bankruptcy petition?
Include any attorneys, bankruptcy petition preparers, or credit counseling agencies for services required in your bankruptcy.

☐ No.
■ Yes. Fill in the details

Debtor 1   Nieama                    Chanell               Lewis
           First Name                Middle Name           Last Name                    Case Number (if known) _____

| Party Contact Info | Description and value of any property transferred | Date payment or transfer | Amount of payment |
|---|---|---|---|
| Geraci Law L.L.C. |  |  | Payment/Value: $4,000.00: $155.00 paid prior to filing, balance to be paid through the plan. |
| 55 E. Monroe Street #3400 |  |  |  |
| Chicago,IL 60603 |  |  |  |
|  |  |  |  |

| Party Contact Info | Description and value of any property transferred | Date payment or transfer | Amount of payment |
|---|---|---|---|
| Hananwill Credit Counseling | Credit Counseling Services | 2016 | $25.00 |
| 115 N. Cross St. |  |  |  |
| Robinson, IL 62454 |  |  |  |
|  |  |  |  |

17   Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone who promised to help you deal with your creditors or to make payments to your creditors?
Do not include any payment or transfer that you listed on line 16.

■ No.
☐ Yes. Fill in the details.

18   Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of your business or financial affairs?
Include both outright transfers and transfers made as security (such as the granting of a security interest or mortgage on your property).
Do not include gifts and transfers that you have already listed on this statement.

■ No.
☐ Yes. Fill in the details for each gift.

19   Within 10 years before you filed for bankruptcy, did you transfer any property to a self-settled trust or similar device of which you are a beneficiary? (These are often called asset-protection devices.)

■ No.
☐ Yes. Fill in the details for each gift.

**Part 8:    List Certain Financial Accounts, Instruments, Safe Deposit Boxes, and Storage Units**

20   Within 1 year before you filed for bankruptcy, were any financial accounts or instruments held in your name, or for your benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; shares in banks, credit unions, brokerage houses, pension funds, cooperatives, associations, and other financial institutions.

■ No.
☐ Yes. Fill in the details.

| | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|

21   Do you now have, or did you have within 1 year before you filed for bankruptcy, any safe deposit box or other depository for securities, cash, or other valuables?

■ No.
☐ Yes. Fill in the details.

| | Who else had access to it? | Describe the contents | Do you still have it? |
|---|---|---|---|

Debtor 1    Nieama                 Chanell              Lewis                          Case Number *(if known)* _____
            First Name             Middle Name          Last Name

**22   Have you stored property in a storage unit or place other than your home within 1 year before you filed for bankruptcy?**

☒ No.
☐ Yes. Fill in the details.

|  | Who else has or had access to it? | Describe the contents | Do you still have it? |
|---|---|---|---|

| **Part 9:** | **Identify Property You Hold or Control for Someone Else** |
|---|---|

**23   Do you hold or control any property that someone else owns? Include any property you borrowed from, are storing for, or hold in trust for someone.**

☒ No.
☐ Yes. Fill in the details.

|  | Where is the property? | Describe the property | Value |
|---|---|---|---|

| **Part 10:** | **Give Details About Environmental Information** |
|---|---|

For the purpose of Part 10, the following definitions apply:

▪ **Environmental law** means any federal, state, or local statute or regulation concerning pollution, contamination, releases of hazardous or toxic substances, wastes, or material into the air, land, soil, surface water, groundwater, or other medium, including statutes or regulations controlling the cleanup of these substances, wastes, or material.

▪ **Site** means any location, facility, or property as defined under any environmental law, whether you now own, operate, or utilize it or used to own, operate, or utilize it, including disposal sites.

▪ **Hazardous material** means anything an environmental law defines as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, contaminant, or similar term.

Report all notices, releases, and proceedings that you know about, regardless of when they occurred.

**24   Has any governmental unit notified you that you may be liable or potentially liable under or in violation of an environmental law?**

☒ No.
☐ Yes. Fill in the details.

|  | Governmental unit | Environmental law, if you know it | Date of notice |
|---|---|---|---|

**25   Have you notified any governmental unit of any release of hazardous material?**

☒ No.
☐ Yes. Fill in the details.

|  | Governmental unit | Environmental law, if you know it | Date of notice |
|---|---|---|---|

**26   Have you been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

☒ No.
☐ Yes. Fill in the details.

|  | Court or agency | Nature of the case | Status of the case |
|---|---|---|---|

| **Part 11:** | **Give Details About Your Business or Connections to Any Business** |
|---|---|

**27   Within 4 years before you filed for bankruptcy, did you own a business or have any of the following connections to any business?**

☐ A sole proprietor or self-employed in a trade, profession, or other activity, either full-time or part-time

☐ A member of a limited liability company (LLC) or limited liability partnership (LLP)

☐ A partner in a partnership

☐ An officer, director, or managing executive of a corporation

☐ An owner of at least 5% of the voting or equity securities of a corporation

☒ No. None of the above applies.  Go to Part 12.

☐ Yes. Check all that apply above and fill in the details below for each business.

Debtor 1    Nieama                    Chanell                    Lewis                                    Case Number (if known) _____

First Name                Middle Name                Last Name

---

**28** **Within 2 years before you filed for bankruptcy, did you give a financial statement to anyone about your business? Include all financial institutions, creditors, or other parties.**

■ No.

☐ Yes. Fill in the details.

| Date issued |
| --- |

| **Part 12:** | **Sign Below** |
| --- | --- |

**I have read the answers on this Statement of Financial Affairs and any attachments, and I declare under penalty of perjury that the answers are true and correct. I understand that making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both.**
**18 U.S.C. §§ 152, 1341, 1519, and 3571.**


✘ /s/ Nieama Chanell Lewis                         ✘ _____

Signature of Debtor 1                                Signature of Debtor 2


Date 03/16/2016                                Date _____

MM / DD / YYYY                                MM / DD / YYYY


**Did you attach additional pages to** *Your Statement of Financial Affairs for Individuals Filing for Bankruptcy* **(Official Form 107)?**

■ No

☐ Yes


**Did you pay or agree to pay someone who is not an attorney to help you fill out bankruptcy forms?**

■ No

☐ Yes.  Name of person _____. Attach the *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

---

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court

### NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

**In re**

**Nieama Chanell Lewis  / Debtor**

Case No:

Chapter:     **Chapter 13**

### DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

**1.**     Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and  that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | |
|---|---|
| For legal services, I have agreed to accept | **$4,000.00** |
| Prior to the filing of this statement I have received | **$155.00** |
| Balance Due | **$3,845.00** |

**2.**    The source of the compensation paid to me was:

☐ Debtor(s)     ☐ Other: (specify

**3.**    The source of compensation to be paid to me is:

☐ Debtor(s)     ☐ Other: (specify

**4.**    ☐ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

☐     I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates

5.     In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

a.     Analysis of the debtor' s financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

b.     Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;

c.     Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

**6.**    By agreement with the debtor(s), the above-disclosed fee does not include the following service:

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to
me for representation of the debtor(s) in this bankruptcy proceedings.

Date:  03/17/2016 _____     **/s/ Paul Franklin Jensen** _____

*Date*                                                   *Signature of Attorney*

 Geraci Law L.L.C. _____

*Name of law firm*

---

**Record #**     702420                                                          Page 1 of 1

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS

## RIGHTS AND RESPONSIBILITIES AGREEMENT BETWEEN
## CHAPTER 13 DEBTORS AND THEIR ATTORNEYS

### (Court-Approved Retention Agreement, revised as of 4/20/15)

Chapter 13 gives debtors important rights, such as the right to keep property that could otherwise be lost through repossession or foreclosure, but Chapter 13 also puts burdens on debtors, such as the burden of making complete and truthful disclosures of their financial situation. It is important for debtors who file a Chapter 13 bankruptcy case to understand their rights and responsibilities in bankruptcy. In this connection, the advice of an attorney is often crucial. Debtors are entitled to certain services from their attorneys, but debtors also have responsibilities to their attorneys. In order to assure that debtors and their attorneys understand their rights and responsibilities in the Chapter 13 process, the judges of the Bankruptcy Court for the Northern District of Illinois have approved this agreement, setting out the rights and responsibilities of both debtors in Chapter 13 and their attorneys, including how their attorneys will be paid for their services in the Chapter 13 case. By signing this agreement, debtors and their attorneys accept these responsibilities.

The Bankruptcy Code may require a debtor's attorney to provide the debtor with certain documents and agreements at the start of the representation. The terms of this court-approved agreement take the place of any conflicting provision in an earlier agreement. This agreement cannot be modified in any way by other agreements. Any provision of another agreement between the debtors and the attorney that conflicts with this agreement is void.

### A. BEFORE THE CASE IS FILED

THE DEBTOR AGREES TO:

1. Discuss with the attorney the debtor's objectives in filing the case.

2. Provide the attorney with full, accurate and timely information, financial and otherwise, including properly documented proof of income.

THE ATTORNEY AGREES TO

1. Personally counsel the debtor regarding the advisability of filing either a Chapter 13 or a Chapter 7 case, discuss both procedures (as well as non-bankruptcy options) with the debtor, and answer the debtor's questions.

2. Personally explain to the debtor that the attorney is being engaged to represent the debtor on all matters arising in the case, as required by Local Bankruptcy Rule, and explain how and when the attorney's fees and the trustee's fees are determined and paid.

 **PFG Rec# 702-420**

3. Personally review with the debtor and sign the completed petition, plan, statements, and schedules, as well as all amendments thereto, whether filed with the petition or later. (The schedules may be initially prepared with the help of clerical or paralegal staff of the attorney's office, but personal attention of the attorney is required for the review and signing.)

4. Timely prepare and file the debtor's petition, plan, statements, and schedules.

5. Explain to the debtor how, when, and where to make all necessary payments, including both payments that must be made directly to creditors and payments that must be made to the Chapter 13 trustee, with particular attention to housing and vehicle payments.

6. Advise the debtor of the need to maintain appropriate insurance.

## B. AFTER THE CASE IS FILED

THE DEBTOR AGREES TO:

1. Make the required payments to the trustee and to whatever creditors are being paid directly, or, if required payments cannot be made, to notify the attorney immediately.

2. Appear punctually at the meeting of creditors (also called the "341 meeting") with recent proof of income and a picture identification card. (If the identification card does not include the debtor's social security number, the debtor must also bring to the meeting a social security card.) The debtor must be present in time for check-in and when the case is called for the actual examination.

3. Notify the attorney of any change in the debtor's address or telephone number.

4. Inform the attorney of any wage garnishments or liens or levies on assets that occur or continue after the filing of the case.

5. Contact the attorney immediately if the debtor loses employment, has a significant change in income, or experiences any other significant change in financial situation (such as serious illness, marriage, divorce or separation, lottery winnings, or an inheritance).

6. Notify the attorney if the debtor is sued or wishes to file a lawsuit (including divorce.)

7. Inform the attorney if any tax refunds to which the debtor is entitled are seized or not received when due from the IRS or Illinois Department of Revenue.

8. Contact the attorney before buying, refinancing, or selling real property, and before entering into any loan agreement.

9. Supply the attorney with copies of all tax returns filed while the case is pending.

THE ATTORNEY AGREES TO

1. Advise the debtor of the requirement to attend the meeting of creditors, and notify the debtor of the date, time, and place of the meeting.



2. Inform the debtor that the debtor must be punctual and, in the case of a joint filing, that both spouses must appear at the same meeting.

3. Provide knowledgeable legal representation for the debtor at the meeting of creditors (in time for check-in and the actual examination) and, unless excused by the trustee, for the confirmation hearing.

4. If the attorney will be employing another attorney to attend the 341 meeting or any court hearing, personally explain to the debtor in advance, the role and identity of the other attorney and provide the other attorney with the file in sufficient time to review it and properly represent the debtor.

5. Timely submit to the Chapter 13 trustee properly documented proof of income for the debtor, including business reports for self-employed debtors.

6. Timely respond to objections to plan confirmation and, where necessary, prepare, file, and serve an amended plan.

7. Timely prepare, file, and serve any necessary statements, amended statements, and schedules and any change of address, in accordance with information provided by the debtor.

8. Monitor all incoming case information (including, but not limited to, Order Confirming Plan, Notice of Intent to Pay Claims, and 6-month status reports) for accuracy and completeness. Contact the trustee promptly regarding any discrepancies.

9. Be available to respond to the debtor's questions throughout the term of the plan.

10. Prepare, file, and serve timely modifications to the plan after confirmation, when necessary, including modifications to suspend, lower, or increase plan payments.

11. Prepare, file, and serve necessary motions to buy or sell property and to incur debt.

12. Object to improper or invalid claims.

13. Timely respond to the Chapter 13 trustee's motions to dismiss the case, such as for payment default, or unfeasibility, and to motions to increase the percentage payment to unsecured creditors.

14. Timely respond to motions for relief from stay.

15. Prepare, file, and serve all appropriate motions to avoid liens.

16. Provide any other legal services necessary for the administration of the case.



C.   *TERMINATION OR CONVERSION OF THE CASE AFTER ENTRY OF AN ORDER APPROVING FEES AND EXPENSES*

1. Approved fees and expenses paid under the provisions set out below are generally not refundable in the event that the case is dismissed prior to its completion, unless the dismissal is due to a failure by the attorney to comply with the duties set out in this agreement. If such a dismissal is due to a failure by the attorney, the court may order a refund of fees on motion by the debtor.

2. If the case is dismissed after approval of the fees and expenses but before payment of all allowed fees and expenses, the order entered by the Bankruptcy Court allowing the fees and expenses is not a judgment against the debtor for the unpaid fees and expenses based on contract law or otherwise.

3. If the case is converted to a case under chapter 7 after approval of the fees and expenses under this agreement but before the payment of all fees and expenses, the attorney will be entitled to an administrative claim in the chapter 7 case for any unpaid fees and expenses, pursuant to section 726(b) of the Bankruptcy Code, plus any conversion fee the attorney pays on behalf of the debtor.

D.   *RETAINERS AND PREVIOUS PAYMENTS*

1. The attorney may receive a retainer or other payment before filing the case but may not receive fees directly from the debtor after the filing of the case. Unless the following provision is checked and completed, any retainer received by the attorney will be treated as a security retainer, to be placed in the attorney's client trust account until approval of a fee application by the court.

 The attorney seeks to have the retainer received by the attorney treated as an advance payment retainer, which allows the attorney to take the retainer into income immediately. The attorney hereby provides the following further information and representations:

(a)   The special purpose for the advance payment retainer and why it is advantageous to the debtor is as follows:  purpose:  provide some money for attorney without waiting 6 months.  Advantage to debtor: costs client less by reducing administrative expense and encouraging efficiency rather than charging by hour and submitting bills.

(b)   The retainer will not be held in a client trust account and will become property of the attorney upon payment and will be deposited into the attorney's general account;

(c)   The retainer is a flat fee for the services to be rendered during the chapter 13 case and will be applied for such services without the need for the attorney to keep detailed hourly time records for the specific services performed for the debtor;

 **PFG Rec# 702-420**

(d)     Any portion of the retainer that is not earned or required for expenses will be refunded to the client; and

(e)     The attorney is unwilling to represent the debtor without receiving an advanced payment retainer because of the nature of the chapter 13 case, the fact that the great majority of services for such case are performed prior to its filing, and the risks associated with the representation of debtors in bankruptcy cases in general.

2. In any application for compensation the attorney must disclose to the court any fees or other compensation paid by the debtor to the attorney for any reason within the one year before the case filing.

## E.     CONDUCT AND DISCHARGE

1. Improper conduct by the attorney. If the debtor disputes the sufficiency or quality of the legal services provided or the amount of the fees charged by the attorney, the debtor may file an objection with the court and request a hearing.

2. Improper conduct by the debtor. If the attorney believes that the debtor is not complying with the debtor's responsibilities under this agreement or is otherwise engaging in improper conduct, the attorney may apply for a court order allowing the attorney to withdraw from the case.

3. *Discharge of the attorney.* The debtor may discharge the attorney at any time.

## F.     ALLOWANCE AND PAYMENT OF ATTORNEYS' FEES AND EXPENSES

1. Any attorney retained to represent a debtor in a Chapter 13 case is responsible for representing the debtor on all matters arising in the case unless otherwise ordered by the court. For all of the services outlined above, the attorney will be paid a flat fee of $ 4,000.00

2. In addition, the debtor will pay the filing fee required in the case of $310.00

3. Before signing this agreement, the attorney has received ,$ 155.00

toward the flat fee, leaving a balance due of $ 3,845.00 ; and $ 310.00 for expenses,

leaving a balance due for the filing fee of $ 0.00



4. In extraordinary circumstances, such as extended evidentiary hearings or appeals, the attorney may apply to the court for additional compensation for these services. Any such application must be accompanied by an itemization of the services rendered, showing the date, the time expended, and the identity of the attorney performing the services. The debtor must be served with a copy of the application and notified of the right to appear in court to object.

Date: 03/2/2020

Signed: Neama Lewz

_____
Debtor(s)

_____
Co-Debtor(s)

_____
Attorney for the Debtor(s)

Do not sign this agreement if the amounts are blank.



**Geraci Law L.L.C.**
National Headquarters: 55 E. Monroe Street, #3400 Chicago, IL 60603   1-866-925-1313   help@geracilaw.com



Date: 2/3/2016                Consultation Attorney : **MMA**                Record # : **702-420**

## Attorney - Client Agreement

The undersigned hires Geraci Law L.L.C. and its associated attorneys for representation in a Chapter 13 bankruptcy under the following terms and conditions. I have signed and received a copy the "Court Approved Retention Agreement" (CARA) between Chapter 13 Debtors and their Attorneys" as established by the Bankruptcy Court for the Northern District of Illinois, and any terms that conflict with it are null and void. I understand I must comply with those terms. Attorney fees for filed Chapter 13 Bankruptcy shall be the fee stated in the CARA. I have received the 11 U.S.C § 527(a) disclosures. I have been advised of my chapter 7 alternative and choose to file Chapter 13 instead even though it usually costs more. More than one attorney and paralegal will work on my case.

**FEES:** This does NOT INCLUDE court filing fees of $310, costs for credit counseling or financial management classes. Any amount not paid prior to the case being filed shall be paid through the Chapter 13 Trustee. These fees are fixed, but the attorneys may apply to the court for additional fees if allowed by the CARA or other circumstances, such as extended evidentiary hearings, contested adversary proceedings or appeals. If the Court awards additional fees, they will also be paid through the Chapter 13 Trustee. Fees are "flat fees" and "advance payment retainers" for pre-filing and pre-confirmation work, become property of this firm on payment, and are deposited into the firm's operating account. Payments are applied to the "flat fee". If this contract is terminated by either party prior to the filing of the case, we will submit any dispute to binding arbitration within 30 days. If I close my file or breach this contract I agree to pay for the work done to that time. I assign to my attorney all amounts tendered as filing fees or court costs and authorize my attorney to transfer said funds from his trust account to his operating account in payment of all outstanding fees owed by me if case is filed.

**No other work:** Geraci Law is not representing me in state or other courts regarding creditors in my bankruptcy. Any state court action not stopped by the Automatic Stay of a filed bankrutpcy is my responsibility.
**Injury or other claims or property** I must disclose any such claims or propery I now have or acquire after filing Chapter 13 to both the Chapter 13 trustee and to the court in a filed amendment and obtain authority to keep them or pay those claims to the Trustee.

**PLAN:** The plan payment is estimated to be $ _175-200_ per month for _36_ months. The payment and length of the plan are based on the information I have provided, including income, expenses, assets and debts. If these amounts are not accurate, my plan payment or duration may need to be increased. In addition, the Court, Chapter 13 Trustee or creditors could object to my proposed Chapter 13 payment, which may cause it to increase. I further understand that if my income or expenses change during my Chapter 13, my plan payment may have to change. **I agree to read my petition and plan and study it before signing it so I know what is included, INCLUDING what I am listing as debts, what my property is, what my assets are and if they are claimed as exempt, and to make full disclosure.**

**My plan payment DOES include** the following, unless stated otherwise: mortgage arrears; association arrears; vehicles; tax debt; support obligations that are post due (but not future) parking tickets (not traffic fines); debts pursuant to a divorce decree/marital settlement you listed; other secured debts including furniture, electronics, etc.; all other unsecured debts; other:_____
**My plan payment does NOT** include future mortgage, rent, condo fees and support payments; criminal fines/court fees; rent/lease arrears; student loan principal and interest unless 100% planned to unsecured creditors, sold property taxes; debts incurred after the case is filed, including any association fees as long as the property is in my name; other _____
**Student loans:** are usually NEVER paid 100% in a Chapter 13, but are paid the same percentage as unsecured creditors without interest, so my student loans will CONTINUE to accrue interest, and if I don't pay them directly they will be even larger at the end of the plan, so I have been told about this and I will deal with my student loans myself directly
**Debts not discharged** if they are not paid in full: student loans; educational debts; unfiled or late filed tax debts; undisclosed debts; support/maintenance debts; debts incurred by fraud, or debts listed in my red folder or found non-dischargeable by a Judge.
**Representation limited to Bankruptcy Court** We do not represent you in state court, or in loan modifications or similar matters. If I am eligible to receive a tax refund during my Chapter 13, I understand I must turn it over to the Chapter 13 Trustee unless I am specifically advised that I do not need to. This may change on a yearly basis, so I must check with my attorneys every year. I also understand that if I receive any significant sums of money other than through employment, including but not limited to life insurance proceeds, workers compensation award, personal injury or other court settlement, I MUST notify my attorney immediately and I may have to pay some or all of the funds into my Chapter 13 plan.

I cannot transfer any property or incur any credit or debt without the express permission of my attorney or the Court and I must make full disclosure of all income, expenses, debts and assets in my initial consultation and on my bankruptcy petition. If I fail to remain current in a domestic support obligation, fail to certify to the Court that I have remained current, or if I fail to take my financial management class, that my case may be closed without a discharge, and I will be required to pay a fee to have it reopened.

X _____              X _____
  Nieama Lewis (Debtor)                        (Joint Debtor)

X _____
  Attorney for the Debtor(s)  Representing Geraci Law L.L.C.        Dated: _2/3/16_

**PFG Rec# 702-420    Ms. Lewis**

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

In re

**Nieama Chanell Lewis / Debtor**

Bankruptcy Docket #:

Judge:

## VERIFICATION OF CREDITOR MATRIX

The above named Debtor(s) hereby verify that the attached list of creditors is true and correct to the best of our knowledge.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

**Dated: 03/16/2016**

/s/ Nieama Chanell Lewis
_____

**Nieama Chanell Lewis**

X Date & Sign

* Joint debtors must provide information for both spouses. Penalty for making a false statement or concealing property: Fine
up to $500,000 or up to 5 years imprisonment or both. 18 U.S.C. 152 and 3571.

**Record #** 702420

**B 1D (Official Form 1, Exh.D)(12/08)** Page 1 of 1

B 201A (Form 201A) (11/11)                    In re Nieama Chanell Lewis  / Debtor

# UNITED STATES BANKRUPTCY COURT

## NOTICE TO CONSUMER DEBTOR(S) UNDER §342(b)
## OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts:  (1) Describes briefly the services available from credit counseling services;  (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described.  Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition.  Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition.  In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address.  If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly- addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis**.  The briefing must be given within 180 days **before** the bankruptcy filing.  The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator.  The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies.  Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.**  The clerk also has a list of approved financial management instructional courses.  Each debtor in a joint case must complete the course.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7:  Liquidation ($245 filing fee, $75 administrative fee, $15 trustee surcharge: Total fee $335

Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7.  If your income is greater than the median income for your state of residence and family size, in some cases, the United States trustee (or bankruptcy administrator), the trustee, or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code.  It is up to the court to decide whether the case should be dismissed.

Under chapter 7, you may claim certain of your property as exempt under governing law.  A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are

Form B 201A, Notice to Consumer Debtor(s)
In re   Nieama Chanell Lewis  / Debtor                                    Page 2

found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

**Chapter 13:  Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $75 administrative fee: Total fee $310)**

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

**Chapter 11:  Reorganization ($1,167 filing fee, $550 administrative fee: Total fee $1,717)**

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

**Chapter 12:  Family Farmer or Fisherman ($200 filing fee, $75 administrative fee: Total fee $275)**

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

**3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials**

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court. The

Dated: 03/16/2016          **/s/ Nieama Chanell Lewis**
                           _____
                                **Nieama Chanell Lewis**

Dated: 03/17/2016          **/s/ Paul Franklin Jensen**
                           _____
                                **Attorney: Paul Franklin Jensen**

| Debtor 1 | Nieama | Chanell | Lewis | Case Number (if known) _____ |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

**Part 6:   Answer These Questions for Reporting Purposes**

16. **What kind of debts do you have?**

   16a. **Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

   ☐ No. Go to line 16b.
   ☑ Yes. Go to line 17.

   16b. **Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

   ☐ No. Go to line 16c.
   ☐ Yes. Go to line 17.

   16c. State the type of debts you owe that are not consumer debts or business debts.

   _____

17. **Are you filing under Chapter 7?**

   **Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?**

   ☑ No. I am not filing under Chapter 7. Go to line 18.
   ☐ Yes. I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?
   ☐ No
   ☐ Yes.

18. **How many creditors do you estimate that you owe?**

| | | |
|---|---|---|
| ☑ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

19. **How much do you estimate your assets to be worth?**

| | | |
|---|---|---|
| ☑ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

20. **How much do you estimate your liabilities to be?**

| | | |
|---|---|---|
| ☑ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

**Part 7:   Sign Below**

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code  I understand the relief available under each chapter, and I choose to proceed under Chapter 7

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

✗ _Nieama Lewis_                         ✗ _____
Signature of Debtor 1                      Signature of Debtor 2

Executed on _3_ / _16_ /2016               Executed on _____
MM / DD / YYYY                             MM / DD / YYYY

**Fill in this information to identify your case:**

Debtor 1    Nieama            Chanell            Lewis
            First Name        Middle Name        Last Name

Debtor 2
(Spouse if filing)  First Name   Middle Name     Last Name

United States Bankruptcy Court for the :   NORTHERN    District of   ILLINOIS
                                                                     (State)

Case Number _____
(If known)

☐ Check if this is an
   amended filing

## Official Form 106 Dec

## Declaration About an Individual Debtor's Schedules                                 12/15

If two married people are filing together, both are equally responsible for supplying correct information.

You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Sign Below

Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?

☑ No

☐ Yes. Name of Person _____    Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.

✗ _____            ✗ _____
Signature of Debtor 1                    Signature of Debtor 2

Date   3 / 16 /2016                     Date _____
       MM / DD / YYYY                          MM / DD / YYYY

Debtor 1    Nieama          Chanell          Lewis          Case Number *(if known)* _____
              First Name        Middle Name      Last Name

## Part 12:    Sign Below

I have read the answers on this Statement of Financial Affairs and any attachments, and I declare under penalty of perjury that the
answers are true and correct. I understand that making a false statement, concealing property, or obtaining money or property by fraud
in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

✗ _____    ✗ _____
   Signature of Debtor 1                    Signature of Debtor 2

Date  3 / 16 /2016                        Date _____
     MM / DD / YYYY                           MM / DD / YYYY

Did you attach additional pages to *Your Statement of Financial Affairs for Individuals Filing for Bankruptcy* (Official Form 107)?

☑ No
☐ Yes

Did you pay or agree to pay someone who is not an attorney to help you fill out bankruptcy forms?

☑ No
☐ Yes. Name of person _____. Attach the *Bankruptcy Petition Preparer's Notice,*
                                                          *Declaration, and Signature* (Official Form 119).

Official Form 107      Record #  702420      Statement of Financial Affairs for Individuals Filing for Bankruptcy      page 7

## DISCLAIMER  Debtors have read and agree:

1.      **Divorce or family support debts** to a spouse, ex-spouse, child, guardian ad litem or similar person or entity in connection with a separation agreement, divorce decree or court order are not dischargable.  Priority support debts must be paid in full in your Chapter 13 or it cannot be confirmed.  DEBTS YOU AGREED TO ASSUME IN MARITAL SETTLEMENT AGREEMENTS are  NON-DISCHARGEABLE  if your ex-spouse files an adversary complaint, and the Judge rules that (a) you do not have the ability to pay the debt OR (b) discharging such debt would result in a benefit to you that outweighs the detriment to ex-spouse or your child.   You agree to get advice in writing from your divorce attorney and send to us with copy of agreement.  You must list any ex-spouse or spouse as a creditor. No guarantee any divorce debt is dischargeable. Property you are still on title to, or have a right to in a divorce, may be taken by a Bankruptcy trustee in a Chapter 7 and sold, or may be disposable income in a 13

2.      **Student loans and educational benefits** are not discharged in Chapter 7 or 13 if  government insured loan or owed to non-profit school unless you pay us to file a complaint within the bankruptcy to prove repayment would be an "undue hardship", and win. Interest on student loans continue to run while you are in a Chapter 13.

3.      **Cosigners, joint applicants, debts of persons** other than debtor, debts incurred during marriage in community property states, or for family support are not discharged and joint, community or co-signers are not protected from collection unless you pay 100% of the debt.  Creditors can collect from co-signors and put your bankruptcy on their credit report, and report them negatively to credit bureaus.  You may prevent this by making  the regular payments to the creditor. Creditors can liquidate collateral of your co-signer and refuse to continue payment in installments  Property you are joint on with other persons can be LIQUIDATED to pay your creditors

4.      **TAX DEBTS.**  Most taxes are not discharged in bankruptcy.  However, income tax debt (1040 type tax) can be discharged if  the following four rules are met: (1).  The tax return was DUE at least 3 YEARS (plus extensions) before the filing of your bankruptcy case.   (2).  You FILED your income tax return at least 2 YEARS before your bankruptcy was filed  (You did not file a return if the tax authority or IRS had to file one for you, or if you didn't send the return to the District Director)  (3).  You did not wilfully intend to evade the tax.   (4)  The tax must have been ASSESSED over 240 DAYS before the bankruptcy filing. We recommend you meet with the IRS or state department of revenue to make sure all the conditions have been met, before you hire us or file a bankruptcy.  Fraudulent taxes and taxes on unfiled returns can be discharged in a Chapter 13 case  Time in an offers in compromise, & time in bankruptcy plus 6 months, will extend the above time periods  Employers' share of FICA &  FUTA is dischargeable. but not trust fund taxes like the employee's funds or sales tax

5.  **Fines, traffic tickets, parking tickets, penalties to government unit are not discharged in Chapter 7, may not be discharged in 13 without full payment.**

6.  **Non filing spouse:**  If you  file individually, your spouse is not our client. Only your debts are discharged. If you want to protect a non-filing spouse, pay their bills or file a joint case with them  Family expenses (medical bills. rent and necessities may be collected from a non-filing spouse)   Wisconsin, community property is liable for community debts. **7.  DUI PERSONAL INJURIES, DEBTS YOU DON'T LIST are not discharged.**

8.  **DEBTS where creditors successfully object to discharge** may survive Creditors, the Trustee, or Court, can try to deny discharge based on many factors, **a.** Income sufficient to pay a percentage of your unsecured debt  **b.** Failure to keep books and records documenting your financial affairs.  **c.** Luxury purchases or cash advances within 60 days of filing  or without intent or ability to repay.  **d.** Debts you made by false pretenses, breach of fiduciary duty, wilful and malicious injuries to others  **e.** Benefit  overpayments like aid or unemployment if a determination of fraud has been made before or during bankruptcy.  **f.** Failure to appear at meetings, court dates, or co-operate with the Trustee.

9. **INTEREST ON NON-DISCHARGEABLE DEBTS** in a Chapter 13 continues to accrue, and CREDITORS WHO DO NOT FILE CLAIMS in your Chapter 13 plan within 90days (180 days for governmental units) of the meeting of creditors, do not get paid  Your plan and their claim should provide for interest at contract rate, or you will have to pay the debt outside the Chapter 13 plan  Property taxes must be paid by you directly to avoid sale for delinquent taxes.

10.  **LIQUIDATION OF REAL AND PERSONAL PROPERTY**  If you file a Chapter 7, any property that is not listed and claimed exempt on Schedule C pursuant to state or federal law is  taken and sold by the trustee to pay creditors.  You agree to assume the risk that your property will be taken and sold by the bankruptcy trustee (at or less than what it is worth) if we can't protect it under applicable state law   You get a discharge, but the trustee can take property not listed and exempted on schedules B and C and sell it for whatever price will provide some benefit to creditors.

11.  **CHANGE IN LAWS.**  Laws & court cases change constantly.   We can file your case today if you pay us in full (some attorneys give credit, we don't) pay the filing fee and sign your petition in our main office.  ANY DELAY either in hiring us, or after,  IS YOUR REPSONSIBILITY.  ADVERSE RULINGS Judges that sit in adjoining courtrooms can rule differently on the same facts  We can predict but can't guarantee a judge will or will not rule against you. You accept the risk of a judge ruling against you, as in any lawsuit.

12.  **PAYMENTS TO CREDITORS YOU PREFERRED**  to pay more than $600 in front of others, within 1 yr if a relative or insider, or within 90 days if another creditor, so don't pay off debts to keep credit cards or protect others  TRANSFERS OF PROPERTY within 4 years that made you unable to pay your debts at the time can be reversed by a Trustee and the transferee will have to give back the property you transferred

13.  **SURRENDER OF PROPERTY**  Bankruptcy gets rid of debts, but real estate, condos and time shares remain in your name until a foreclosure sale or the lender accepts a deed in lieu of foreclosure  Turn condo keys over to condo association or remain liable for assessments after filing, and make sure you keep buildings & land insured and maintained and secured until it is taken back by lender or out of your name. If you let a house go vacant and pipes explode or someone gets killed in there you may be liable

14.  **RIGHT TO RECEIVE** inheritances, tax refunds, injury claims, compensation of any kind, insurance or realty commissions, are property of the bankruptcy estate and you will surrender these to the trustee unless they are claimed exempt on Schedule C, and no objection to your claim of exemption is upheld.  Do not deduct extra money from taxes so you are entitled to a refund, change your W-9 if necessary.

15.  **JOINT ACCOUNT HOLDERS** holders entire amount in the account could be taken by the trustee under Chapter 7.

16.  **MARRIED COUPLES GOING THROUGH DIVORCE:**  We have been advised to seek independent counsel for our bankruptcy.  We understand that Peter Francis Geraci does not represent us with regard to any divorce matters and does not make any representations regarding what will happen in divorce court. We have decided to file a bankruptcy together dispite the fact that we are getting a divorce and our interests could be adverse  We have agreed to cooperate with each other in this joint bankruptcy.

17.  **AUTO LEASES & INSTALLMENT AGREEMENTS** to purchase things, leases and almost all contracts will be void after bankruptcy.  They are "executory contracts", and if they are of no benefit to the bankruptcy estate and not assumed within 60 days of filing, they are void.  Debtors have been warned of this, and unless there is a novation under state law, or agreement not to use bankrptcy to void the contract, the debtors rights under the contract are extinguished.  Debtor agrees to be responsible for obtaining such agreements or losing rights under such contracts  Debtor agrees that his or her attorney will not file motions to assume such contracts.

18  **Setoffs**  if you have money in a credit union or creditor account, or other loans that cross-collateralized, any money or property may be taken for both loans. The Undersigned have read the above & assume that a debt is not discharged in bankruptcy, that our non-exempt property will be taken and sold by the bankruptcy trustee if it can't be protected, that the trustee might object if I/we have excess income, or change in State, Federal or Bankruptcy laws before the case is filed in Court **AND WE HAVE TO READ, CHECK, &  MAKE SURE OUR PETITION IS ACCURATE!!!!**

Dated:  3 / 16 /2016            X _____            | X Date & Sign |

**Nieama Chanell Lewis**

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

In re

Nieama Chanell Lewis  / Debtor                                    Bankruptcy Docket #:

                                                                 Judge·

## VERIFICATION OF CREDITOR MATRIX

The above named Debtor(s) hereby verify that the attached list of creditors is true and correct to the best of our knowledge.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Dated: 3 / 16 /2016            _Nieama Lewis_             **X Date & Sign**

                              **Nieama Chanell Lewis**

* Joint debtors must provide information for both spouses.  Penalty for making a false statement or concealing property:  Fine
up to $500,000 or up to 5 years imprisonment or both.  18 U.S.C. 152 and 3571.

16. **Calculate the median family income that applies to you.** Follow these steps:

16a. Fill in the state in which you live.

IL

16b. Fill in the number of people in your household.

2

16c. Fill in the median family income for your state and size of household. ........................................ 13 | $63,820.00

To find a list of applicable median income amounts, go online using the link specified in the separate instructions for this form. This list may also be available at the bankruptcy clerk's office.

17. **How do the lines compare?**

17a. [x] Line 15b is less than or equal to line 16c. On the top of page 1 of this form, check box 1, *Disposable income is not determined under 11 U.S.C. § 1325(b)(3).* **Go to Part 3.** Do NOT fill out *Calculation of Disposable Income* (Official Form 22C-2).

17b. [ ] Line 15b is more than line 16c. On the top of page 1 of this form, check box 2, *Disposable income is determined under 11 U.S.C. § 1325(b)(3).* **Go to Part 3 and fill out Calculation of Disposable Income (Official Form 122C-2).** On line 39 of that form, copy your current monthly income from line 14 above.

**Part 3:    Calculate Your Commitment Period Under 11 U.S.C. §1325(b)(4)**

18. **Copy your total average monthly income from line 11.** ..................................................  $3,225.35

19. **Deduct the marital adjustment if it applies.** If you are married, your spouse is not filing with you, and you contend that calculating the commitment period under 11 U.S.C. § 1325(b)(4) allows you to deduct part of your spouse's income, copy the amount from line 13d

If the marital adjustment does not apply, fill in 0 on line 19a.  $0.00

**Subtract line 19a from line 18.**  $3,225.35

20. **Calculate your current monthly income for the year.** Follow these steps:

20a. Copy line 19b. ...................................................................................................  $3,225.35

Multiply by 12 (the number of months in a year).  x 12

20b. The result is your current monthly income for the year for this part of the form.  $38,704.20

20c. Copy the median family income for your state and size of household from line 16c. ................  $63,820.00

21. **How do the lines compare?**

[x] Line 20b is less than line 20c  Unless otherwise ordered by the court, on the top of page 1 of this form, check box 3, *The commitment period is 3 years*  Go to Part 4

[ ] Line 20b is more than or equal to line 20c  Unless otherwise ordered by the court, on the top of page 1 of this form, check box 4, *The commitment period is 5 years*  Go to Part 4

**Part 4:    Sign Below**

By signing here, I declare under penalty of perjury that the information on this statement and in any attachments is true and correct

*Nieama Lewis*
**Nieama Chanell Lewis**

Date: 3 / 16 /2016

If you checked line 17a, do NOT fill out or file Form 122C-2.

If you checked 17b, fill out Form 122C-2 and file it with this form. On line 39 of that form, copy your current monthly income from line 14 above.

found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

**Chapter 13:  Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $75 administrative fee: Total fee $310)**

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time.  You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings.  The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors.  The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

**Chapter 11:  Reorganization ($1,167 filing fee, $550 administrative fee: Total fee $1,717)**

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

**Chapter 12:  Family Farmer or Fisherman ($200 filing fee, $75 administrative fee: Total fee $275)**

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

**3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials**

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both.  All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition  Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court  The

Dated: 3 / 16 /2016                    _____                    X Date & Sign
                                       **Nieama Chanell Lewis**

Dated: 3 / 17 /2016                    _____
                                       **Attorney: Paul Franklin Jensen**